# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated New Drug Application <br> ☐ 840 Trademark <br> ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Management Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement Income Security Act <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD *Joshua M. Neuman*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___Rita Schmidt Loduca, at all 8403 Milton Court Stroudsburg, PA 18360 ,at all___

Address of Defendant: _____
___Well Pet , LLC , at all 200 Ames Pond Drive Suite 200, Tewksbury MA 01876, at all___

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  _____  _____

                <span style="color:red">Must sign here</span>

           *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*                    **B.**    *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts      ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA      ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury      ☐ 3. Assault, Defamation
☐ 4. Antitrust      ☐ 4. Marine Personal Injury
☐ 5. Patent      ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations      ☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Civil Rights      ☐ 7. Products Liability
☐ 8. Habeas Corpus      ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases      ☐ 9. All other Diversity Cases
☐ 10. Social Security Review Cases                 *(Please specify):* _____
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  *Joshua M. Neuman*  _____

                 <span style="color:red">Sign here if applicable</span>

           *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RITA SCHMIDT LODUCA, DONNA FREEMAN, and LYNN WESLEY, *individually and on behalf of all others similarly situated,* | ) ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) ) |
| | ) |
| WELLPET LLC, 200 Ames Pond Drive, Suite 200, Tewksbury, Massachusetts 01876 | ) ) ) ) |
| | ) |
| and | ) ) |
| | ) |
| BERWIND CORPORATION, 3000 Centre Square West, 1500 Market Street, Philadelphia, Pennsylvania 19102 | ) ) ) ) |
| | ) |
| and | ) ) |
| | ) |
| CLEARLAKE CAPITAL GROUP, L.P., 233 Wilshire Boulevard, Suite 800, Santa Monica, California 90401 | ) ) ) ) |
| Defendants. | ) |

Case No.:

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

<u>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

**POGUST MILLROOD, LLC**
Tobias L. Millrood, Esq., ID No. 77764
Gabriel C. Magee, Esq., ID No. 311646
Joshua M. Neuman, Esq., ID No. 322648
161 Washington Street, Suite 940
Conshohocken, PA 19428
Tel: 610.941.4204

***Counsel for Plaintiffs and the Putative Class***

1

Plaintiffs, Rita Schmidt Loduca, Donna Freeman, and Lynn Wesley (collectively, the "Plaintiffs"), are natural persons, residents, and citizens of the Commonwealth of Pennsylvania. Plaintiffs, individually and on behalf of all others similarly situated, bring this Class Action Complaint ("Complaint") against Defendants, Wellpet LLC, Berwind Corporation, and Clearlake Capital Group GP, LLC (collectively, the "Defendant" and/or "Defendants"), seeking redress for Defendants' misrepresentations and omissions with respect to feeding directions on their dog food products, which has caused purchasers to suffer direct financial loss as more fully described herein.

Plaintiffs, for their Complaint, allege as follows based upon their own personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1.     This Class Action Lawsuit is brought as a result of misrepresentations and omissions made by Defendants in the daily feeding directions contained in the labels of their canine pet food products.

2.     As more fully described herein, the labels on the canine food products manufactured, packaged, labeled, advertised, distributed and sold by Defendants, Wellpet LLC, Berwind Corporation, and Clearlake Capital Group, L.P., misrepresent the appropriate daily feeding amounts for dogs, and omit that these daily feeding directions are only appropriate for the highest demand activity level and breed.

3.     Defendant, Wellpet LLC, and its respective parent organizations, Defendants, Berwind Corporation and Clearlake Capital Group, L.P., profited from the fraudulent, deceptive, misleading, unfair, and/or false daily feeding directions placed on Defendants' canine food labels.

4.     As a result of Defendants' misrepresentations and omissions, purchasers were

2

misled as to the appropriate daily feeding requirements for individual canine pets, which caused the canines to eat excess and unhealthy amounts of food and the purchasers to use more of Defendants' dog food products per day than was otherwise necessary.

5.    As a result of Defendants' misrepresentations and omissions, purchasers were misled to purchase more of Defendants' canine food products than was otherwise necessary.

6.    As a result of purchasers being misled to purchase more of Defendants' canine food products than was otherwise necessary, purchasers expended additional unnecessary financial sums and experienced a direct financial detriment.

7.    If Defendants had not misrepresented the daily feeding directions for canine pets, and/or omitted that the daily feeding directions are only appropriate for the highest demand activity level and breed, purchasers would have used a lesser, more appropriate amount of Defendants' canine food products per day and, therefore, would not have been misled to purchase more of Defendants' canine food products than was otherwise necessary.

8.    Defendants' daily feeding directions for canine pets are fraudulent, deceptive, misleading, unfair, and/or false and create a likelihood of confusion or misunderstanding because they are significantly higher than the daily feeding directions published by other independent entities, including but not limited to the Pet Nutrition Alliance ("PNA").

9.    Reasonable purchasers must and do rely on Defendants to provide accurate daily feeding directions for canine pets on the labels of their pet food products.

10.    Accordingly, and as described more fully herein, Defendants' misrepresentations and/or omissions of the daily feeding directions for canine pets constitutes a violation of Pennsylvania consumer protection laws, a breach of implied warranty of merchantability, unjust enrichment, a negligent misrepresentation, fraud, and civil conspiracy.

11.     Defendants' misrepresentations and/or omissions were intended to increase profits by causing Plaintiffs and the class of purchasers to expend unnecessary and inappropriate sums on Defendants' canine pet food products.

12.     Defendants' actions also constitute a violation of the laws and regulations applicable in the home state of each and every member of the class.

## PARTIES

13.     Plaintiff, Rita Schmidt Loduca, is a natural person, resident, and citizen of the Commonwealth of Pennsylvania, residing at 8403 Milton Court, Stroudsburg, Pennsylvania 18360.

14.     Plaintiff, Donna Freeman, is a natural person, resident, and citizen of the Commonwealth of Pennsylvania, residing at 30 North Mill Street, Apartment A, Saint Clair, Pennsylvania 17970.

15.     Plaintiff, Lynn Wesley, is a natural person, resident, and citizen of the State of the Commonwealth of Pennsylvania, residing at 929 Saxonburg Boulevard, Shaler, Pennsylvania 15223.

16.     Defendant, WellPet LLC, is incorporated in Delaware, with its headquarters located at 200 Ames Pond Drive, Suite 200, Tewksbury, Massachusetts 01876.

17.     Defendant, Berwind Corporation, is incorporated in Pennsylvania, with its headquarters located at 3000 Centre Square West, 1500 Market Street, Philadelphia, Pennsylvania 19102.

18.     Defendant, Clearlake Capital Group, L.P., is incorporated in Delaware, with its headquarters located at 233 Wilshire Boulevard, Suite 800, Santa Monica, California 90401.

19.     Upon information and belief, Defendant, WellPet LLC, was a wholly owned

4

subsidiary of Defendant, Berwind Corporation, from approximately 2008 to 2020.

20.    Upon information and belief, Defendant, Berwind Corporation, was the parent organization and alter ego to Wellpet LLC, from approximately 2008 to 2020.

21.    Upon information and belief, Defendant, Berwind Corporation, sold Defendant, Wellpet LLC, to Defendant, Clearlake Capital Group, L.P., in November 2020 for an undisclosed amount.

22.    Upon information and belief, Defendant, WellPet LLC, is a wholly owned subsidiary of Defendant, Clearlake Capital Group, L.P.[1]

23.    Upon information and belief, Defendant, Clearlake Capital Group, L.P., is the parent organization and alter ego to Wellpet LLC.

24.    Upon information and belief, Defendant, WellPet LLC, manufactures, packages, labels, advertises, markets, distributes, and sells pet food products in the Commonwealth of Pennsylvania and throughout the United States.

25.    Upon information and belief, Defendant, WellPet LLC, manufactures, packages, labels, advertises, markets, distributes, and sells pet food products including, but not limited to, Wellness CORE, Wellness Complete Health, and Holistic Select (hereinafter referred to as "dog food product(s)").

**JURISDICTION AND VENUE**

26.    This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), for the following reasons:  (a) Some of the class

---

[1] Plaintiffs' allegation that Defendant, Wellpet LLC, was recently purchased by – and is a wholly owned subsidiary of – Clearlake Capital Group, L.P., is based upon publicly available information.  The Clearlake Capital Group has a complex and unclear corporate structure with numerous entities and holding companies.  Should discovery or other information reveal that Wellpet LLC is owned by a separate Clearlake Capital Group entity, Plaintiffs reserve the right to amend the Complaint to add the appropriate Clearlake Capital Group entity as a Defendant.

members are citizens of a state that is different from the citizenship of some of the Defendants; (b) the putative class size is greater than 100 persons; (c) the amount in controversy in the aggregate for the putative class exceeds the sum of $5 million, exclusive of interest and costs; and (d) the primary defendants do not include States, State officials, and/or other governmental entities against whom the district court may be foreclosed from ordering relief.

27.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because, upon information and belief, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons during the 3-year period preceding the filing of this class action.

**General Personal Jurisdiction**

28.     This Court has personal jurisdiction over Plaintiffs, Rita Schmidt Loduca, Donna Freeman, and Lynn Wesley, who are residents of the Commonwealth of Pennsylvania.

29.     This Court has both general and specific personal jurisdiction over the Defendants.

30.     This Court has general personal jurisdiction over Defendant, Wellpet LLC, because Defendant is registered to conduct business in Pennsylvania.

31.     This Court has general personal jurisdiction over Defendant, Wellpet LLC, because the Defendant advertises, markets, and sells its pet food products in the Commonwealth of Pennsylvania, accepts money from purchasers located in Pennsylvania, has engaged in systematic and continuous business activities in Pennsylvania, transacted substantial business with Pennsylvania entities and residents, and generally has sufficient minimum contacts in Pennsylvania to satisfy the Due Process Clause of the Pennsylvania Constitution and Pennsylvania's Long Arm Statute pursuant to 42 Pa. C.S § 5322.

32.    This Court has general personal jurisdiction over Defendant, Berwind Corporation, because Defendant has its headquarters located in the Commonwealth of Pennsylvania, and Defendant is registered to do business in Pennsylvania.

33.    This Court has general personal jurisdiction over Defendant, Berwind Corporation, because it has affirmatively established and maintained contacts with the Commonwealth of Pennsylvania.

34.    This Court has additional grounds for general personal jurisdiction as Defendant, Berwind Corporation, operates an office and principal place of business at 3000 Centre Square West, 1500 Market Street, Philadelphia, Pennsylvania 19102, which is located in the Eastern District of Pennsylvania.  *See* 28 U.S.C. § 1391(b)(1)-(2).

35.    This Court has general personal jurisdiction over Defendant, Clearlake Capital Group, L.P., because the Defendant has engaged in systematic and continuous business activities in Pennsylvania through its portfolio investments, transacted substantial business with Pennsylvania entities and residents, and generally has sufficient minimum contacts in Pennsylvania to satisfy the Due Process Clause of the Pennsylvania Constitution and Pennsylvania's Long Arm Statute pursuant to 42 Pa. C.S § 5322.

**Specific Personal Jurisdiction**

36.    This Court has specific personal jurisdiction over Defendants arising from Defendants' advertising, marketing, and sale of dry dog food products in the Commonwealth of Pennsylvania, which are, and at all relevant times were, a misrepresentation of the daily feeding directions for canine pets, and an omission that daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, all of which have caused harm in Pennsylvania as a result of

the specific business activities complained of herein, either directly or through Defendants' agents.

37.    This Court has specific personal jurisdiction over Defendants because the advertising, marketing, and sale of dry dog food products, which were a misrepresentation of the daily feeding directions for canine pets, and an omission that daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, occurred in parts of the Commonwealth of Pennsylvania that are located in the Eastern District of Pennsylvania.

38.    Upon information and belief, a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Philadelphia, Pennsylvania, because Defendant, Berwind Corporation, is headquartered in Philadelphia.

39.    Defendants regularly conduct substantial business within the Eastern District of Pennsylvania.

40.    Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b)(1) because Defendant, Berwind Corporation, which was the parent and alter ego to Defendant, Wellpet LLC, for a substantial portion of the events or omissions giving rise to Plaintiffs' claims, maintains its principal place of business in this District and therefore resides in this District pursuant to 28 U.S.C. § 1391(c)(2).

**FACTUAL ALLEGATIONS**

41.    The pet food manufacturing industry is a multi-billion-dollar conglomeration of the largest food and beverage businesses in the world.

42.    Over the past decade, total pet food market sales have steadily increased in the United States.  In 2019, approximately 36.9 billion dollars of pet food was sold, and in 2020, it

was estimated to increase to around 38.4 billion dollars.[2]

43.    The leading vendors/manufacturers in the industry have experienced significant profits from the sale of dry dog food, with 2019 sales totaling over 5.3 billion dollars.[3]

44.    Pursuant to Pennsylvania Statutory guidelines, vendors/manufactures are required to include adequate directions for use, and are prohibited from including misrepresentations on pet food labels.

45.    However, many leading vendors/manufacturers have misrepresented and omitted (and continue to misrepresent and omit) the proper daily feeding directions for canine pets.

***Defendants' Misrepresentation of the Daily Feeding Directions***

46.    Upon information and belief, the leading vendors/manufacturers use marketing teams to design the labels of their dry dog food brands, including the feeding directions.

47.    Upon information and belief, the marketing teams employed by the leading vendors/manufacturers to design the labels of their dry dog food brands do not adequately consult with board-certified veterinary nutritionists on the feeding directions included on the labeling of their dry dog food brands.

***WellPet LLC, Berwind Corporation, and Clearlake Capital Group, L.P.***

48.    Defendants, Berwind Corporation and Clearlake Capital Group, L.P., by and through their wholly owned subsidiary, Defendant, Wellpet LLC, became one of the leading vendors/manufacturers[4] that misrepresented and omitted (and continues to misrepresent and omit) the proper daily feeding directions for canine pets through the labeling on its dry dog food brands.

---

[2] https://www.statista.com/statistics/253983/pet-market-sales-in-the-us-by-category/ (last visited February 25, 2021).
[3] https://www.petfoodprocessing.net/articles/13528-state-of-the-us-pet-food-and-treat-industry-2019 (last visited February 25, 2021).
[4] As of February 15, 2021, Wellpet's annual projected revenue is between $100 - $500 million. *See* https://incfact.com/company/wellpet-tewksbury-ma/ (last visited February 25, 2021).

49.    Defendants misrepresent the daily feeding directions for canine pets on the labels of multiple dry dog food brands, including, but not limited to, Wellness CORE, Wellness Complete Health, and Holistic Select.

**Wellness CORE**

50.    Wellness CORE has numerous brands and flavors of pet food, including, but not limited to, the CORE RawRev Original Deboned Turkey, Turkey Meal & Chicken Meal Recipe Dry Dog Food (collectively referred to as the "Wellness CORE brands and flavors").

51.    The Wellness CORE RawRev Original Deboned Turkey, Turkey Meal & Chicken Meal Recipe Dry Dog Food has the following "feeding information" included on the label: [5]



_____
[5] True and accurate depiction of the Wellness CORE RawRev Original Deboned Turkey, Turkey Meal & Chicken Meal Recipe label, pictured on January 18, 2021.

10

52.     However, Plaintiffs allege that the "feeding information" for the Wellness CORE brands and flavors misrepresents the correct feeding recommendations for canine pets in the categorized weight classes.

53.     Upon information and belief, a nutritional analysis of Defendants' feeding information for the Wellness CORE brands and flavors demonstrates that feeding canine pets within the parameters of the feeding information on the labels results in overfeeding for the vast majority of canine pets. This overfeeding causes consumers to expend unnecessary and inappropriate sums on Defendants' products.

54.     Defendants misrepresent the daily feeding information for canine pets on the labels for the Wellness CORE brands and flavors, which caused unsuspecting consumers to purchase more dog food, per year, than would have been otherwise necessary.

55.     Defendants' misrepresentation is fraudulent, deceptive, misleading, unfair, and/or false and creates a likelihood of confusion or misunderstanding.

**Wellness Complete Health**

56.     Wellness Complete Health has numerous brands and flavors of pet food, including, but not limited to, the Complete Health Whitefish & Sweet Potato Recipe Dry Dog Food brand, (collectively referred to as the "Wellness Complete Health brands and flavors").

57.     The Wellness Complete Health Whitefish & Sweet Potato Recipe Dry Dog Food has the following "feeding information" included on the label:



58.    However, Plaintiffs allege that the "feeding information" for the Wellness Complete Health brands and flavors misrepresents the correct feeding recommendations for canine pets in the categorized weight classes.

59.    Upon information and belief, a nutritional analysis of Defendants' feeding information for the Wellness Complete Health brands and flavors demonstrates that feeding canine pets within the parameters of the feeding information on the labels results in overfeeding for the vast majority of canine pets. This overfeeding causes consumers to expend unnecessary and inappropriate sums on Defendants' products.

---

[6] True and accurate depiction of the Wellness Complete Health Whitefish & Sweet Potato Recipe label, photographed on January 21, 2021.

60.     Defendants misrepresent the daily feeding information for canine pets on the labels for the Wellness Complete Health brands and flavors, which caused unsuspecting consumers to purchase more dog food, per year, than would have been otherwise necessary.

61.     Defendants' misrepresentation is fraudulent, deceptive, misleading, unfair, and/or false and creates a likelihood of confusion or misunderstanding.

**Holistic Select**

62.     Holistic Select has multiple brands and flavors of pet food, including, but not limited to, the Holistic Select Adult Health Chicken Meal & Brown Rice Recipe Dry Dog Food brand (collectively referred to as the "Holistic Select brands and flavors").

63.     The Holistic Select Adult Health Chicken Meal & Brown Rice Recipe Dry Dog Food has the following "feeding information" included on the label:[7]



---

[7] True and accurate depiction of the Holistic Select Adult Health Chicken Meal & Brown Rice Recipe label, photographed on January 21, 2021.

64.     However, Plaintiffs allege that the "feeding information" for Holistic Select Adult Health Chicken Meal & Brown Rice Recipe Dry Dog Food misrepresents the correct feeding recommendations for canine pets in the categorized weight classes.

65.     Upon information and belief, a nutritional analysis of Defendants' feeding information for the Holistic Select brands and flavors demonstrates that feeding canine pets within the parameters of the feeding information on the labels results in overfeeding for the vast majority of canine pets.  This overfeeding causes consumers to expend unnecessary and inappropriate sums on Defendants' products.

66.     Defendants misrepresent the daily feeding information for canine pets on the labels for the Holistic Select brands and flavors, which caused unsuspecting consumers to purchase more dog food, per year, than would have been otherwise necessary.

67.     Defendants' misrepresentation is fraudulent, deceptive, misleading, unfair, and/or false and creates a likelihood of confusion or misunderstanding.

***Defendants' Omission that the Daily Feeding Directions are for the Highest Demand Activity Level and Breed, and that Most Canine Pets do not Fall Within this Activity Level***

68.     In addition to Defendants' misrepresentation of the daily feeding directions on their respective labels, Defendants omit from their dry dog food labels that the daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.

69.     Defendants omitted any instruction on the Wellness CORE brands and flavors and the Wellness Complete Health brands and flavors that the daily feedings directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.

70.     Furthermore, on the Holistic Select brands and flavors, although Defendants' labels

state, "Please visit our website for more information on how to feed pets with different activity levels," Defendants failed to include any statement about activity level or any additional feeding directions or instructions on their website.[8]

71.    Defendants knew or should have known that most of the canine pet population utilizing Defendants' products are not highly active and therefore require a warning that the daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.

72.    Defendants knew or should have known that most of the canine pet population utilizing Defendants' products are not highly active and therefore do not fall within the activity levels to necessitate the amount of food recommended.  This means that Defendants' feeding directions recommend a greater amount of food than is appropriate for the average canine pet, which results in overfeeding, excessive caloric intake, obesity, and health issues, among other things.  As a result, Plaintiffs spent more money on Defendants' products than was necessary or appropriate, and the class of purchasers continues to spend more money on Defendants' products than is necessary or appropriate.

73.    Defendants knew or should have known that a technical analysis of Defendants' products confirms that the nutrient profile only supports a highly active canine.

74.    Defendants knew or should have known that despite Defendants' products containing a nutrient profile to support only a highly active canine, Defendants' products are not recommended or marketed for highly active canines, such as a sport, performance, or working dog.

75.    Defendants' omissions that the daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate

---

[8] https://www.holisticselect.com/dog/adult-health-chicken-meal-brown-rice-recipe (last visited March 1, 2021).  A true and accurate copy of Defendants' website is attached hereto as Exhibit "A."

the amount of food recommended, are fraudulent, deceptive, misleading, unfair, and/or false and create a likelihood of confusion or misunderstanding because pet owners with dogs that are not in the "most demanding" activity level and breed are caused to overfeed their pets.

76.    As a result of Defendants' omissions, consumers of dry dog food were caused to purchase more food than necessary, leading to immense financial harm among the class of purchasers.

***Defendants' Misrepresentations and Omissions are Material to Purchasers***

77.    Federal Law mandates that a food[9] shall be deemed to be misbranded if its labeling is false or misleading in any particular. *See* 21 U.S.C. § 343.

78.    The Pennsylvania legislature also has established specific standards for commercial feed labeling:

> **§ 5104.  Labeling.**
> **(a)  Commercial feed labeling[10].--**Any commercial feed distributed in this Commonwealth shall be accompanied by a legible label bearing the following information:
> (1)  The net weight.
> (2)  The product name and brand name, if any, under which the commercial feed is distributed.
> (3)  The guaranteed analysis stated in such terms as the secretary by regulation determines is required to advise the user of the composition of the feed to support the claims made in the labeling. In all cases the substances or elements must be determinable by laboratory methods from generally recognized sources such as the methods published by the Association of Official Analytical Chemists.
> (4)  The common or usual name of each ingredient used in the manufacture of the commercial feed. The department may by regulation permit the use of a collective term for a group of ingredients which perform a similar function or it may exempt such commercial feeds or any group thereof from

---

[9] The term "food" means (1) articles used for food or drink for man or other animals, (2) chewing gum, and (3) articles used for components of any such article.  21 U.S.C. § 321(f).

[10] **"Commercial feed"** is defined as **"**(a)ll materials distributed or intended to be distributed for use as feed or for mixing in feed. The term does not include unmixed whole seeds and physically altered entire unmixed seeds when the seeds are not adulterated within the meaning of section 5106 (relating to adulteration). The department by regulation may exempt from this definition or specific provisions of this chapter specific commodities, individual chemical compounds or substances when the commodities, compounds or substances are not mixed with other materials and are not adulterated within the meaning of section 5106.  3 Pa.C.S § 5102.

this requirement of an ingredient statement if it finds that such statement is not required in the interest of consumers.

(5) The name and principal mailing address of the manufacturer or the person responsible for distributing the commercial feed.

**(6) Adequate directions for use for all commercial feeds containing drugs and for such other feeds as the department may require by regulation as necessary for their safe and effective use.**

(7) Such warning or caution statements as the department by regulation determines are necessary for the safe and effective use of the commercial feed.

3 Pa.C.S § 5104 (emphasis added).[11]

79.     Pursuant to § 5104(a)(6), Defendants' dog food products must include "adequate directions for use" that is "necessary for their safe and effective use."

80.     The Pennsylvania legislature has also established specific standards for misbranding:

**§ 5107. Misbranding.**
No person shall distribute misbranded feed. A commercial feed or customer-formula feed shall be deemed to be misbranded if it meets any of the following criteria:

**(1) Its labeling is false or misleading in any particular.**

(2) It is distributed under the name of another feed.

(3) It is not labeled as required in section 5104 (relating to labeling) and in regulations prescribed under this chapter.

(4) It purports to be or is represented as a feed ingredient or it purports to contain or is represented as containing a feed ingredient unless the feed ingredient conforms to the definition of identity, if any, prescribed by regulation of the department. In adopting such regulation, the department shall give due regard to commonly accepted definitions such as those issued by the Association of American Feed Control Officials.

(5) Any word, statement or other information required by or under authority of this chapter to appear on the label or labeling is not prominently placed thereon with such conspicuousness, as compared with other words, statements, designs or devices in the labeling, and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

3 Pa.C.S § 5104 (emphasis added).

---

[11] Should this Court determine in a "choice of law" analysis that another state's regulations and laws should apply to any members of the Class, Plaintiffs reserve the right to plead claims and recover under the regulations and laws of that state.

81.    Pursuant to § 5107, Defendants' dog food products were "misbranded" because the feeding directions on the labeling were "false" and "misleading" as to the appropriate amount of product that should be offered to canine pets.

82.    Defendants' misrepresentation of the daily feeding information for canine pets on the labels for the Wellpet LLC brands and flavors is above and beyond any appropriate amount of product that should be offered to canine pets, and are above and beyond any reasonable place to start for feeding.

83.    Defendants' misrepresentation and omission of the daily feeding information for canine pets on the labels for the Wellpet LLC brands and flavors is fraudulent, deceptive, misleading, unfair, and/or false and create a likelihood of confusion or misunderstanding because pet owners with dogs that are not in the "most demanding" activity level and breed are unaware that the feeding directions are for this category of canine and, thereby, are caused to overfeed their pets.

84.    As a result of Defendants' misrepresentations and omissions, purchasers of dry dog food were caused to purchase more food than necessary or appropriate, leading to significant financial harm among the class of purchasers.

***Allegations Relating to Plaintiffs***

85.    Plaintiff, Rita Schmidt Loduca, is a citizen of the Commonwealth of Pennsylvania, who purchased multiple Wellness CORE and Wellness Complete Health brands and flavors on numerous occasions between approximately 2000 to 2021.  Following the purchase of multiple Wellness CORE and Wellness Complete Health brands and flavors, including, but not limited to, Wellness CORE RawRev Original Deboned Turkey, Turkey Meal & Chicken Meal Recipe Dry Dog Food, Plaintiff reviewed Defendants' feeding information on the label of the packaging, and

fed each of her dogs within the parameters of the feeding information on the labels. Plaintiff continued to feed her dogs in accordance with the feeding information on the packaging labels. Plaintiff reasonably relied upon Defendants' feeding information on the label, and fed her dogs in accordance with those directions. Plaintiff continued to reasonably rely upon the information on the label from approximately 2000 to 2021.

86.    Plaintiff, Donna Freeman, is a citizen of the Commonwealth of Pennsylvania, who purchased multiple Wellness Complete Health brands and flavors on numerous occasions between approximately 2018 to 2019. Following the purchase of multiple Wellness Complete Health brands and flavors, including, but not limited to, Wellness Complete Health Whitefish & Sweet Potato Recipe Dry Dog Food, Plaintiff reviewed Defendants' feeding information on the label of the packaging, and fed her dog within the parameters of the feeding information on the labels. Plaintiff continued to feed her dog in accordance with the feeding information on the packaging labels. Plaintiff reasonably relied upon Defendants' feeding information on the label, and fed her dog in accordance with those directions. Plaintiff continued to reasonably rely upon the information on the label from approximately 2017 to 2018.

87.    Plaintiff, Lynn Wesley, is a citizen of the Commonwealth of Pennsylvania, who purchased Holistic Select Adult Health Chicken Meal & Brown Rice Recipe Dry Dog on numerous occasions from approximately 2017 to 2019. Following the purchase of Holistic Select Adult Health Chicken Meal & Brown Rice Recipe Dry Dog, Plaintiff reviewed Defendants' feeding information on the label of the packaging, and fed her dog within the parameters of the feeding information on the labels. Plaintiff continued to feed her dog in accordance with the feeding information on the packaging labels. Plaintiff reasonably relied upon Defendants' feeding information on the label, and fed her dog in accordance with those directions. Plaintiff continued

19

to reasonably rely upon the information on the label from approximately 2017 to 2019.

88.    Plaintiffs' dogs are average pets with varying activity levels.  None of them fall within the highest demand activity level and breed to necessitate the amount of food recommended.

89.    As a result of Plaintiffs' reasonable reliance on Defendants' false and misleading feeding directions, as described *supra*, Plaintiffs overfed their canine pets.  This caused excessive caloric intake, obesity, and health issues, among other things.  As a result, Plaintiffs spent more money on Defendants' products than is necessary or appropriate.

## CHOICE OF LAW

90.    As pled below, Plaintiffs seek the application of the law of the forum state, Pennsylvania, which is where Defendant, Berwind Corporation, has its principal place of business, where Defendant, Wellpet LLC, the subsidiary and alter ego of Berwind Corporation from approximately 2008 to 2020, is registered to conduct business, and where Defendant, Clearlake Capital Group, L.P., who purchased Wellpet LLC in 2020, conducts systematic and continuous business activities through its portfolio investments.

91.    Because Defendant, Berwind Corporation, acting by and through its subsidiary, Wellpet LLC, is headquartered – and made all decisions relevant to the claims made herein – in the Commonwealth of Pennsylvania, Pennsylvania has a substantial connection to, and a material interest in, the rights, interests, and policies involved in this action.

92.    Because Defendant, Wellpet LLC, advertises, markets, and sells its dry dog food products in the Commonwealth of Pennsylvania, which are, and at all relevant times were, a misrepresentation of the daily feeding directions for canine pets, and an omission that daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, Pennsylvania has a

substantial connection to, and a material interest in, the rights, interests, and policies involved in this action.

93.    However, should this Court determine in a "choice of law" analysis that another state's law should apply to this matter, Plaintiffs reserve the right to plead claims and recover under the laws of that state.

## CLASS ALLEGATIONS

94.    Plaintiffs bring this action on behalf of themselves and, pursuant to Federal Rule of Civil Procedure, 23(a), (b)(2), and (b)(3), on behalf of the following Class ("the Class"). The Class is initially defined as follows:

> All persons residing in the United States or its territories who, during the maximum period of time permitted by law, purchased Wellness CORE, Wellness Complete Health, and/or Holistic Select, manufactured by Defendant, Wellpet LLC, which misrepresented the daily feeding directions for canine pets, and omitted that daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.[12]

95.    Excluded from the Class are any individuals or businesses who purchased Wellness CORE, Wellness Complete Health, and Holistic Select for the purpose of resale.

96.    Also excluded from the Class are Defendants, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, or associates or partners of Defendants.

97.    <u>Numerosity</u>:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number of the members of the Class are so numerous that the joinder of all members of the class in a single action is impractical.[13]

---

[12] Plaintiffs reserve the right to amend this definition as necessary in accordance with applicable Federal and Pennsylvania law.
[13] As of February 15, 2021, Wellpet's annual projected revenue is between $100 - $500 million.  *See* https://incfact.com/company/wellpet-tewksbury-ma/ (last visited February 25, 2021).

98.     <u>Typicality</u>:  Plaintiffs' claims are typical of other Class Members because Plaintiffs, like all Class Members, purchased Defendants' pet food products, and suffered injury and harm as a result of Defendants' fraudulent, deceptive, misleading, unfair, and/or false misrepresentations and/or omissions as to the proper feeding directions.  Plaintiffs, and all Class Members, have incurred, and will continue to incur, damages because they unnecessarily purchased more food due to Defendants' misrepresentations and omissions.  Furthermore, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of negligent, fraudulent, and/or intentional misconduct resulting in injury to Plaintiffs and all Class Members.

99.     <u>Commonality</u>.  There are questions of law and fact common to the Class Members. These common questions of law and fact include, without limitation:

(a)  whether Defendants misrepresented the daily feeding directions and guidelines on the dog food brands described above;

(b)  whether Defendants omitted that the daily feeding directions and guidelines are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended on the dog food brands described above;

(c)  whether Defendants' misrepresentation of the daily feeding directions and guidelines on the dog food brands detailed above violated Pennsylvania Unfair Trade Practices and Consumer Protection Law;

(d)  whether Defendants' omission that the daily feeding directions and guidelines are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, on the dog food brands noted above violated Pennsylvania

Unfair Trade Practices and Consumer Protection Law;

(e) whether Defendants impliedly warranted the appropriateness of the daily feeding directions and guidelines on the dog food brands noted above;

(f) whether the Defendants were unjustly enriched by their misrepresentation of the daily feeding directions and guidelines on the dog food brands noted above.

(g) whether Defendants were unjustly enriched by their omission that the daily feeding directions and guidelines are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, on the dog food brands noted above;

(h) whether Defendants were negligent in their misrepresentation of the daily feeding directions and guidelines on the dog food brands noted above;

(i) whether Defendants were negligent in their omission that the daily feeding directions and guidelines are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, on the dog food brands noted above;

(j) whether Defendants were fraudulent in their misrepresentation of the daily feeding directions and guidelines on the dog food brands noted above;

(k) whether Defendants were fraudulent in their omission that the daily feeding directions and guidelines are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, on the dog food brands noted above;

(l) whether Defendants engaged in a conspiracy in their misrepresentation of the

daily feeding directions and guidelines on the dog food brands noted above;

(m) whether Defendants engaged in a conspiracy in their omission that the daily feeding directions and guidelines are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended, on the dog food brands noted above;

100.    <u>Adequacy of Representation</u>:  Plaintiffs will fairly, fully, and adequately represent and protect the interests of the Class Members.  Plaintiffs have retained counsel competent and experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

101.    <u>Predominance and Superiority</u>:  A class action is superior to any other available method for the fair and efficient adjudication of this controversy.  The adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting verdicts on the asserted claims.  Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendants' misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendants' misrepresentations and omissions will continue unabated.  Class treatment of common questions of law and fact would also be a superior method compared to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

102.    Class certification is also appropriate because the Defendants have acted or refused

to act on grounds generally applicable to the Class, such that final injunctive relief or corresponding declaratory relief is appropriate to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION LAW
### 73 P.S. § 201, *et seq.*

103.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint, as if fully set forth herein.

104.    Plaintiffs bring this Count on behalf of themselves and the Class Members.

105.    This cause of action is brought pursuant to Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201, et seq. (i.e. "UTPCPL").[14]

106.    Pennsylvania's UTPCPL, 73 P.S. § 201-2(3), defines "trade" and "commerce" as "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."

107.    The UTPCPL makes it unlawful for a person or business to employ "Unfair methods of competition" and "unfair or deceptive acts or practices" by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have. 73 P.S. § 201-2(4)(v).

108.    The UTPCPL prohibits persons from employing "[u]nfair methods of competition"

---

[14] Should this Court determine in a "choice of law" analysis that another state's consumer protection laws should apply to any members of the Class, Plaintiffs reserve the right to plead claims and recover under the laws of that state.

and "unfair or deceptive acts or practices," which are defined to include, *inter alia*, the following conduct:

    a.   "Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services." 73 P.S. § 201-2(4)(ii);

    b.   "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ." 73 P.S. § 201-2(4)(v); or

    c.   "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

109.    Defendants are defined as "persons" under the UTPCPL. 73 P.S. § 201-2(2)

110.    Defendants have engaged in unfair or deceptive acts or practices in violation of UTPCPL as set forth above.

111.    Defendants' practices as described herein are unfair or deceptive acts or practices that violate UTPCPL because the practices were and are intended to deceive purchasers, including Plaintiffs and its members, and occurred and continue to occur in the course of conduct involving trade and commerce.

112.    In Defendants' advertising, marketing, and sale of Wellness CORE, Wellness Complete Health, and Holistic Select, Defendants misrepresented, and continue to misrepresent, the daily feeding directions for canine pets.

113.    Defendants knew, or should have known, that the feeding directions on the labels of Defendants' dog food products were false, misleading, and would create a likelihood of confusion or of misunderstanding.

26

114.    As alleged in the preceding paragraphs, the misrepresentations and omissions by Defendants of the feeding directions on the labels of Defendants' dog food products constitutes an unfair and fraudulent business practice within the meaning of Pennsylvania UTPCPL § 201, *et seq.*

115.    As a direct result of the foregoing acts and practices, the Defendants have received, continue to receive, or will receive in the future, income, profits, and other benefits, which they would not have received if they had not engaged in the violations of the UTPCPL as described in this Complaint.

116.    There were reasonably available alternatives to the feeding directions on the labels of Defendants' dog food products, which would not have misled consumers to purchase more of Defendants' canine food products than was reasonably necessary and expend additional unnecessary financial sums.  For instance, Defendants could have provided the feeding directions for lower activity level canine pets and/or disclosed categories of activity levels relative to more appropriate feeding directions.

117.    All of the conduct alleged herein occurred, and continues to occur, in Defendants' advertising, marketing, and sale of Defendants' dog food products.

118.    Pursuant to Pennsylvania UTPCPL § 201-9.2, *et seq.*, Plaintiffs and the members of the Class bring this private action seeking an order of this Court enjoining Defendants from continuing to misrepresent the daily feeding guidelines for canine pets, and/or enjoining Defendants from continuing to omit from their dry dog food product labels that the daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.

119.    Plaintiffs and the members of the Class further seek an order requiring Defendants

to disclose the misrepresentations and/or omissions, and an order awarding Plaintiffs and the Class Members actual or compensatory damages, including treble damages; compelling restitution of the unnecessary financial sums wrongfully acquired by Defendants as a result of the misrepresentations and omissions; compelling the Defendants to pay civil penalties not exceeding one thousand dollars ($1,000) per violation, which civil penalty shall be in addition to other relief which may be granted; compelling the Defendants to disgorge their ill-gotten profits; compelling the Defendants to pay the costs of the suit, including attorneys' fees; awarding Plaintiffs prejudgment interest and delay damages; and awarding Plaintiffs such other, further, and different relief as this Honorable Court may deem just.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

120.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint, as if fully set forth herein.

121.    Plaintiffs bring this Count on behalf of themselves and the Class Members for Defendants' breach of implied warranty of merchantability.

122.    Defendants sold, and Plaintiffs purchased, dog food products, including Wellness CORE, Wellness Complete Health, and Holistic Select.

123.    When sold by Defendants, the dog food products were not merchantable, did not pass without objection in the trade under the contract description, were not fit for ordinary purposes for which the goods were used, were not adequately labeled, and did not conform to the promises or affirmations of fact made on the label.

124.    When sold by Defendants, the Defendants knew and/or had reason to know that the dog food products were a consumer good being used to feed dogs, and that buyers of the dog food products were relying on the skill and judgment of the Defendants to select and furnish suitable

feeding directions.

125.    Defendants misrepresented on the labels of their dog food products the daily feeding directions for canine pets, and/or omitted on the labels of their dog food products that daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.

126.    Defendants' misrepresentations and/or omissions as to the daily feeding directions on the labels of their dog food products constitutes a breach of implied warranty of merchantability.

127.    As a direct and proximate result of Defendants' breach of implied warranty of merchantability, Plaintiffs and the Class Members have been damaged in that they paid for additional dog food products than otherwise necessary.

128.    As a direct result of Defendants' breach of implied warranty of merchantability, Plaintiffs and the Class Members suffered financial harm.

**COUNT III**
**UNJUST ENRICHMENT**

129.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint, as if fully set forth herein.

130.    Plaintiffs bring this Count on behalf of themselves and the Class Members against Defendants for Defendants' unjust enrichment.

131.    Defendants have been unjustly enriched in retaining the revenues derived from Defendants' misrepresentations and/or omissions as to the proper daily feeding directions on the labels of Wellness CORE, Wellness Complete Health, and Holistic Select, which caused Plaintiffs and the Class Members to purchase more dog food products than otherwise necessary.

132.    Defendants' retention of the revenues derived from Defendants' misrepresentations and/or omissions as to the daily feeding directions on the labels of their dog food products is unjust

and inequitable, because Plaintiffs would not have purchased additional dog food products, and Defendants would not have received additional monies, but for the false representations and/or omissions.

133.    Because Defendants' retention of the non-gratuitous benefits conferred on the Plaintiffs and the Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class Members for their unjust enrichment, as ordered by the Court.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION**

134.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint, as if fully set forth herein.

135.    Plaintiffs bring this Count on behalf of themselves and the Class Members against Defendants for Defendants' negligent misrepresentations and omissions.

136.    Defendants sold, and Plaintiffs purchased, dog food products, including Wellness CORE, Wellness Complete Health, and Holistic Select.

137.    Defendants misrepresented on the labels of their dog food products the daily feeding directions for canine pets, and/or omitted on the labels of their dog food products that daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.

138.    Defendants represented to Plaintiffs and the Class Members that the daily feeding directions for canine pets contained on the labels of their dog food products were true and accurate.

139.    Defendants' representations and/or omissions as to the daily feeding directions for canine pets contained on the labels of their dog food products were false.

140.    Defendants knew or should have known that the daily feeding directions for canine pets contained on the labels of their dog food products were false.

141.    Defendants misrepresented and omitted the proper daily feeding directions on the labels of their dog food products in order to cause consumers to purchase more dog food products than otherwise necessary.

142.    Plaintiffs and the Class Members reasonably relied upon Defendants' false representations and/or omissions on the labels of their dog food products.

143.    Without Defendants' negligent conduct, Plaintiffs and the Class Members would not have paid for additional dog food products than otherwise necessary.

144.    As described above, Defendants' negligent misrepresentation caused and proximately caused damages to Plaintiffs and the Class Members.

## COUNT V
## FRAUD

145.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint, as if fully set forth herein.

146.    Plaintiffs bring this Count on behalf of themselves and the Class Members against Defendants for Defendants' intentionality in their misrepresentations and/or omissions.

147.    Defendants violated their duty not to actively deceive by intentionally and unlawfully making knowingly false statements, and by intentionally and unlawfully omitting and/or concealing information.

148.    Defendants sold, and Plaintiffs purchased, dog food products, including Wellness CORE, Wellness Complete Health, and Holistic Select.

149.    Defendants intentionally misrepresented on the labels of their dog food products the daily feeding directions for canine pets, and/or omitted on the labels of their dog food products that daily feeding directions are for the highest demand activity level and breed, and that most canine pets do not fall within the activity levels to necessitate the amount of food recommended.

31

150.    Defendants intentionally represented to Plaintiffs and the Class Members that the daily feeding directions for canine pets contained on the labels of their dog food products were true and accurate.

151.    Defendants' representations and/or omissions as to the daily feeding directions for canine pets contained on the labels of their dog food products were intentionally made false.

152.    Defendants intentionally misrepresented and/or omitted the proper daily feeding directions on the labels of their dog food products in order to cause consumers to purchase more dog food products than otherwise necessary.

153.    Defendants intended that Plaintiffs and the Class Members would rely on their false representations and/or omissions on the labels of their dog food products in order to cause consumers to purchase more dog food products than otherwise necessary.

154.    Plaintiffs and the Class Members reasonably relied upon Defendants' false representations and/or omissions on the labels of their dog food products.

155.    Defendants knew that their representations and/or omissions of the feeding directions on the labels of their dog food products were untrue and misleading.  Thus, Defendants violated a duty not to deceive Plaintiff.

156.    Additionally and independently, Defendants had a duty not to deceive Plaintiffs because Defendants had in their possession unique material knowledge that was unknown, and not knowable, to the Plaintiffs, Plaintiffs' agents, Plaintiffs' Community, and the public.  By reason of their reliance on Defendants' misrepresentations and/or omissions of material fact, Plaintiffs suffered injuries that were directly and proximately caused by this reliance.

157.    Defendants' misconduct alleged herein is ongoing and persistent.

158.    Without Defendants' fraudulent conduct, Plaintiffs and the Class Members would

not have paid for additional dog food products than otherwise necessary.

159.    Defendants' conduct was accompanied by wanton and willful disregard of persons who foreseeably might be harmed by their acts and omissions.

160.    As described above, Defendants' fraudulent conduct caused and proximately caused damages to Plaintiffs and the Class Members.

## COUNT VI
## CIVIL CONSPIRACY

161.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint, as if fully set forth herein.

162.    Defendants conspired with each other to commit unlawful acts or lawful acts in an unlawful manner.

163.    Defendants sold, and Plaintiffs purchased, dog food products, including Wellness CORE, Wellness Complete Health, and Holistic Select.

164.    The Defendants unlawfully manufactured, packaged, labeled, advertised, distributed and sold their dog food products in the Plaintiffs' communities in furtherance of that conspiracy.

165.    The Defendants knowingly and voluntarily agreed to engage in unfair and deceptive practices to promote the use of their dog food products by making and disseminating false, unsubstantiated, and misleading statements and misrepresentations with regard to feeding directions, as well as material omissions, in furtherance of their common strategy to increase sales, and Defendants knew that the statements and/or omissions they made and disseminated served this purpose.

166.    By engaging in the conduct described in this Complaint, the Defendants agreed that they would utilize misrepresentations and/or omissions in order to cause Plaintiffs to overfeed their

33

pets, resulting in increased sales of their dog food products.

167.    Defendants were aware of and/or played an active role in creating the misleading nature of the misstatements and/or omissions they planned to issue and of the role they played in the scheme to increase profits.

168.    Defendants acted with a common understanding or design to commit unlawful acts, as alleged herein, and acted purposely, without a reasonable or lawful excuse, which directly caused the injuries alleged herein.

169.    Defendants committed affirmative acts in furtherance of the conspiracy.

170.    Defendants acted with malice, purposely, intentionally, unlawfully, and without a reasonable or lawful excuse.

171.    Defendants' conspiracy, and Defendants' actions and/or omissions in furtherance thereof, caused the direct, foreseeable, and proximate injury to Plaintiffs alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek a judgment against Defendants, as follows:

    a.   For an order declaring that the claims brought by Plaintiffs may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

    b.   For an order declaring that Defendants have engaged in unlawful, fraudulent, deceptive, and unconscionable business acts and practices in violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law;

    c.   For an order declaring that Defendants' conduct referenced herein was negligent;

34

d.  For an order declaring that Defendants' conduct referenced herein was a breach of implied warranty;

e.  For an order declaring that Defendants have been unjustly enriched by their conduct;

f.  For an order declaring that Defendants conduct referenced herein was a fraud;

g.  For an order declaring that Defendants engaged in a civil conspiracy to commit the acts and/or omissions alleged herein;

h.  Ordering Defendants to pay restitution of any money acquired by their unlawful, fraudulent, deceptive, and unconscionable business practices;

i.  Ordering Defendants to pay restitution of all benefits and disgorge all profits unjustly retained by Defendants;

j.  Ordering Defendants to pay all damages, including treble damages, caused to Plaintiffs and the Class Members by their negligent actions;

k.  Awarding compensatory, statutory, and punitive damages as appropriate;

l.  Awarding injunctive relief as necessary to protect the interests of Plaintiffs and the Class Members;

m.  Awarding Plaintiffs and the Class Members their reasonable litigation expenses and attorneys' fees;

n.  Awarding Plaintiffs and the members of the Class pre- and post-judgment interest, to the extent allowable; and

o.  Awarding such other and further relief as equity and justice may require.

## <u>JURY TRIAL DEMANDED</u>

Plaintiffs demand a jury trial for all claims so triable.

Respectfully submitted,

Rita Schmidt Loduca, Donna Freeman, and Lynn Wesley, individually and on behalf of all others similarly situated,

Dated: March 1, 2021        By:

Tobias L. Millrood, Esquire
Gabriel C. Magee, Esquire
Joshua M. Neuman, Esquire
POGUST MILLROOD, LLC
161 Washington Street, Suite 940
Conshohocken, PA 19428
Tel: 610.941.4204
tmillrood@pogustmillrood.com
gmagee@pogustmillrood.com
jneuman@pogustmillrood.com
**Attorneys for Plaintiffs
and the Putative Class**