IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RITA SCHMIDT LODUCA, :
DONNA FREEMAN, and : CIVIL ACTION
LYNN WESLEY, Individually :
On behalf of all others :
Similarly situated, : NO. 21-CV-0954
 :
        Plaintiffs :
 :
  vs. :
 :
WELLPET LLC, et. al., :
 :
        Defendants :

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                                    **July 1 , 2021**

This proposed class action is presently before this Court on Motion of Defendant Berwind Corporation to Dismiss the claims against it. For the reasons outlined below, the Motion shall be granted with leave to Plaintiffs to file an amended pleading as to Moving Defendant.

**Factual Background**

Plaintiffs Rita Schmidt Loduca, Donna Freeman and Lynn Wesley are all residents of the Commonwealth of Pennsylvania who allege that they purchased various pet food products manufactured and sold by Defendant WellPet, LLC - specifically its Wellness CORE, Wellness Complete Health, and Holistic Select

dry dog foods. The gist of the complaint, which Plaintiffs purport to bring "individually and on behalf of all others similarly situated," is that Defendants misrepresented the appropriate daily feeding amounts for dogs by omitting that the daily feeding instructions are only appropriate for the "highest demand activity level and breed," causing Plaintiffs and members of the class to purchase more of Defendants' dog food products per day than was otherwise necessary and causing their canines to eat excess and unhealthy amounts of food. (Class Action Complaint, ¶s 1-5).

Plaintiffs further aver that as a result of having been misled into purchasing more dog food than was "otherwise necessary," they "expended additional unnecessary financial sums and experienced a direct financial detriment." (Compl., ¶ 6). Plaintiffs claim that these misrepresentations were "fraudulent, deceptive, misleading, unfair and/or false," and that "Defendant WellPet LLC and its respective parent organization[s], Defendant[s] Berwind Corporation" profited from them.[1] Plaintiffs therefore seek to recover damages and obtain injunctive relief from Defendants under Pennsylvania state law

---

[1] The complaint alleges that Defendant WellPet was "a wholly owned subsidiary of Defendant Berwind Corporation from approximately 2008-2020," until it was sold for an undisclosed amount to Clearlake Capital Group, L.P. (Compl., ¶s 19-21). Although Clearlake Capital Group, L.P. was also named as a defendant to this lawsuit, the parties very recently stipulated on June 21, 2021, to the dismissal of Clearlake as a party from this matter without prejudice.

theories for breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, fraud, civil conspiracy and for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201, *et. seq.* By the motion here presented, Defendant Berwind Corporation moves to dismiss Plaintiffs' claims against it pursuant to Fed. R. Civ. P. 12(b)(6).

## **Legal Standards Governing 12(b)(6) Motions**

It is well-settled that a motion under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff's claims lack facial plausibility. Warren General Hospital v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed.2d 929, 940 (2007). Stated otherwise, the onus is on the plaintiff to plead "sufficient factual matter to show that the claim is facially plausible" thereby enabling "the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Warren General Hospital, supra, (quoting Fowler v. UPMC Shadyside, 587 F.3d 203, 210 (3d Cir. 2009)). Thus, the analysis is said to be two-fold. First, a court considering a motion to dismiss can begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). Second, when there *are* well-pleaded factual allegations, the court should then assume their veracity and proceed to determine whether they plausibly give rise to an entitlement to relief. Id.

### Discussion

In its motion to dismiss, Berwind Corporation asserts that Plaintiffs' Complaint is "devoid… of any factual allegations as to specific conduct by [it] that could give rise to its liability," but instead "merely label[s] Berwind as the 'alter ego' of WellPet." (Berwind Corp. Mem. Of Law in Support of Motion to Dismiss, at p. 2). As the Supreme Court has acknowledged, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61, 118 S. Ct. 1876, 1884, 141 L. Ed.2d 43 (1998). See

also, McGehean v. AF & L Insurance Company, Civ. A. No. 09-CV01792, *11 - *12, 2009 U.S. Dist. LEXIS 92194, 2009 WL 3172763 at *3 (E.D. Pa. Oct. 2, 2009)("there is an initial presumption that a parent corporation generally is not liable for the wrongful acts of its subsidiaries simply because the parent wholly owns the subsidiary"). The court may disregard the corporate form and hold a parent liable for the acts of its subsidiary only by piercing the corporate veil. Spencer v. Bloomingdale's King of Prussia, Civ. A. No. 17-3775, 2017 U.S. Dist. LEXIS 209900, *12, 2017 WL 6525797, at *5 (E.D. Pa. Dec. 21, 2017). And courts have held veil-piercing to be appropriate 'when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime.'" Pearson v. Component Technology Corp., 247 F.3d 471, 484 (3d Cir. 2001)(quoting Zubik v. Zubik, 384 F.2d 267,272 (3d Cir. 1967)).

Another exception to the general rule that parent corporations are not liable for the contractual obligations of their subsidiaries arises when "the parent so dominates the activities of a corporation that it is necessary to treat the dominated corporation as an agent or alter ego of the principal." Id; Freedom Medical, Inc. v. Royal Bank of Canada, No. 04-CV-5626, 2005 U.S. Dist. LEXIS 37836, at *31 - 32, 2005 WL 3597709, at *9 - 10 (E.D. Pa. Dec. 30, 2005)(quoting Jean

Anderson Hierarchy of Agents v. Allstate Life Ins. Co., 2 F. supp. 2d 688, 691 (E.D. Pa. 1998)).

The Third Circuit has identified several factors for use in determining whether, as a matter of federal common law, a subsidiary is merely an alter ego of its parent. Trinity Industries, Inc. v. Greenlease Holding Co., 903 F.3d 333, 365 (3d Cir. 2018). These include: failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders … Gross undercapitalization is also a factor." Id; Trustees, National Elevator Industry Pension, Health Benefit & Educational Funds v. Lutyk, 332 F.3d 188, 194 (3d Cir. 2003).

In addition to the alter-ego exception, another theory under which liability might arguably attach is that of agency. "An agency relationship may be created by any of the following: (1) express authority, (2) implied authority, (3) apparent authority, and/or authority by estoppel." Walton v. Johnson, 2013 PA Super 108, 66 A.3d 782, 786 (Pa. Super. 2013). "The basic elements of agency are the manifestation by the principal that the agent shall act for him, the agent's acceptance of the

undertaking and the understanding of the parties that the principal is to be in control of the undertaking." Washburn v. Northern Health Facilities, Inc., 2015 PA Super 168, 121 A.3d 1008, 1012 (Pa. Super. 2015)(quoting Bradney v. Sakelson, 325 Pa. Super. 519, 473 A.2d 189, 191 (Pa. Super. 1984)). "The burden of establishing an agency relationship rests with the party asserting the relationship." Basile v. H & R Block, Inc., 563 Pa. 359, 367-368, 761 A.2d 1115, 1120 (Pa. 2000). "In establishing agency, one need not furnish direct proof of specific authority, provided it can be inferred from the facts that at least an implied intention to create the relationship of principal and agent existed." L.J. Construction & Renovations Corp.v. Bjornsen, 2020 Pa. Super. Unpub. LEXIS 523, 227 A.3d 411 (Pa. Super. 2020)(quoting Walton, 66 A.3d at 787 and Commonwealth v. Maker, 716 A.2d 619, 623 (Pa. Super. 1988)). However, agency is not assumed on a mere showing that one person does an act for another. Id.(quoting Walton, and Ferry v. Fisher, 709 A.2d 399, 405 n.5 (Pa. Super. 1998)).

In this case, Defendant quite correctly notes that the Complaint avers only that "[u]pon information and belief, Defendant WellPet LLC was a wholly owned subsidiary of … Berwind Corporation" and that "… Berwind Corporation was the parent organization and alter ego to WellPet LLC from approximately 2008 to 2020" when Berwind sold WellPet to Clearlake Capital

Group, L.P. (Pl's Compl., ¶s 19-21). The only other averment of actionable wrongdoing against Moving Defendant is found in paragraph 48 of the Complaint whereby Plaintiffs also allege that "Defendants Berwind Corporation and Clearlake Capital Group. L.P., by and through their wholly owned subsidiary, Defendant WellPet LLC, became one of the leading vendors/manufacturers that misrepresented and omitted … the proper daily feeding directions for canine pets through the labeling on its dry dog food brands." In all other respects, the Complaint simply charges "the Defendants" with making various misleading, deceptive, unfair, false and/or fraudulent statements, advertisements, and/or misrepresentations about the proper amounts of WellPet dry dog food products to feed dogs. In the absence of any factual averments to suggest that the "corporate veil" should be pierced, that Berwind somehow manifested that WellPet should act for it, that WellPet accepted that undertaking and/or that the parties understood that Berwind was to be in control such that Berwind may therefore be held liable for the undertakings of its subsidiary, we conclude that dismissal of the Plaintiffs' complaint against Berwind is appropriate. See, Freedom Medical and Jean Anderson, both supra. In so holding, however, we are mindful of the admonition that district courts should permit amendment of deficient complaints unless it is apparent that an amendment would be

inequitable or futile.  See generally, Warner v. B. Pietrini & Sons Construction, No. 14-3878, 588 Fed. Appx. 106, 108, 2015 U.S. App. LEXIS 192, 2015 WL 75264 (3d Cir. Jan. 7, 2015)(citing Grayson v. Mayview Hospital, 293 F.3d 103, 106 (3d Cir. 2002)); Shane v. Fauver, 213 F.3d 113, 116-117 (3d Cir. 2000); USTAAD Systems, Inc. v. iCap International Corp., Civ. A. No. 1:09-CV-1149, 2010 U.S. Dist. LEXIS 71607, *5, 2010 WL 2838593, *2 (M.D. Pa. July 16, 2010).  Given that we cannot definitively find that amendment would be either inequitable or futile, leave to amend shall be granted here.

    An Order follows.